**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Dearing,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Magellan Health Incorporated, et al.,<br><br>　　　　　　　Defendants. | No. CV-20-00747-PHX-SPL<br><br>**ORDER** |

Before this Court is Plaintiff Carol Dearing's Motion Requesting Reconsideration of Order Granting Motion to Dismiss ("Motion") filed pursuant to F. R. of Civ. P. ("Rule") 60. (Doc. 29) For the following reasons, the Motion is denied.[1]

### I.   BACKGROUND

On April 17, 2020, Plaintiff Carol Dearing ("Plaintiff") filed a complaint in this Court, on behalf of herself and all others similarly situated (Doc. 1 at ¶ 75), alleging negligence, negligence per se, breach of implied contract, unjust enrichment, and violations of the Arizona Consumer Fraud Act. (Doc. 1 at 27-37) On May 13, 2020, Defendant filed a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6). (Doc. 15) This Court granted Defendants' motion on September 3, 2020. (Doc. 28) Plaintiff timely filed this Motion on September 17, 2020. (Doc. 29)

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b).

## II. LEGAL STANDARDS

Reconsideration is disfavored and "appropriate only in rare circumstances." *WildEarth Guardians v. United States Dep't of Justice*, 283 F.Supp.3d 783, 795 n.11 (D. Ariz. June 21, 2017); *see also Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-SMM, 2014 WL 12643162, at *2 (D. Ariz. May 23, 2014) ("[Reconsideration] motions should not be used for the purpose of asking a court to rethink what the court had already thought through-rightly or wrongly."). "Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotations omitted). A court will ordinarily deny a such a motion unless the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* "The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension … Such problems rarely arise and the motion to reconsider should be equally rare." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (internal citations omitted).

## III. DISCUSSION

Plaintiff contends that the Order granting Defendants' Motion to Dismiss was made in clear error. (Doc. 29 at 2) It is her position that the Court wrongfully considered Defendant's motion to dismiss a factual attack; that the Court resolved genuinely disputed facts in favor of Defendant; and that the Court should have allowed discovery and/or leave to amend the complaint. (Doc. 29 at 2)

First, whether the Court treated the Motion to Dismiss as a factual or facial attack, the result would be the same. Even if all allegations of material fact were to be taken as true, Plaintiff did not allege facts sufficient to support her claim. Nothing in Plaintiff's

2

pleading indicated that she had an injury. She alleged that her data was exposed, and a phisher may have seen it. To see information is not to steal it.

Second, the Court did not resolve factual disputes in Defendant's favor; instead it found the allegations in Plaintiff's Complaint too speculative to show injury, as supported by the following cases cited in the Order: *In re Zappos.com, Inc.*, 888 F.3d 1020 (9th Cir. 2018) (order granting motion to dismiss overturned when plaintiff hackers targeted their sensitive PII, including credit card numbers); *Krottner v. Starbucks Corp.*, 628 F.3d 1139 (9th Cir. 2010) (order granting motion to dismiss overturned when plaintiff alleged a hacker still had access to her information); *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197 (N.D. Cal. 2014) (motion to dismiss denied in part when plaintiffs alleged that hackers targeted company servers for the purpose of stealing and decrypting data); *Stasi v. Inmediata Health Grp. Corp.*, No. 19CV2353 JM (LL), 2020 WL 2126317 (S.D. Cal. May 5, 2020) (motion to dismiss granted when plaintiff alleged a data breach without alleging the data was copied, saved, or misused); *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855 (N.D. Cal. 2011) (motion to dismiss denied when plaintiff alleged a hacker copied email and social networking logins).

Third, Plaintiff is not entitled to jurisdictional discovery because there are no contested jurisdictional facts and Plaintiff has not shown why discovery would demonstrate facts sufficient to constitute a basis for subject matter jurisdiction. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see also Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 (9th Cir. 1977) (a refusal to grant jurisdictional discovery "is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction."). Moreover, such a request is untimely. *See Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 187 ("When a defendant has moved to dismiss a complaint on jurisdictional grounds, the appropriate time to request jurisdictional discovery is in opposition to the defendant's motion–whether a plaintiff files a separate motion for jurisdictional discovery or puts the

Court on notice by requesting jurisdictional discovery in a detailed manner in the opposition to the motion to dismiss.").

Finally, Plaintiff did not ask for leave to amend her complaint until this Motion. (Doc. 30 at 8) To the extent Plaintiff has evidence accounts were opened in her name, that information should have been included in the initial complaint, or she should have asked for leave to amend during the briefing, and not now, when the case is closed. New facts may only be alleged on a motion to reconsider when they are newly discovered. *See Sch. Dist. No. 1J,* 5 F.3d at 1263 ("The overwhelming weight of authority is that the failure to file [evidence] in an original motion or opposition does not turn the late filed [evidence] into newly discovered evidence." (internal quotations omitted)).

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion Requesting Reconsideration of Order Granting Motion to Dismiss (Doc. 29) is **denied**.

**IT IS FURTHER ORDERED** that this matter shall remain closed.

Dated this 28th day of September, 2020.

Honorable Steven P. Logan
United States District Judge

4